BUNO, PLAINTIFF IN ERROR, v. GOMER, DEFENDANT IN ERROR.

1. APPELLATE PRACTICE.

Where there is evidence in the record to support the finding of the referee and the judgment of the court, the conclusion of the trial court will not be disturbed.

2. AMENDMENTS.

The granting of leave to amend pleadings is entirely discretionary with the trial court, and, unless that discretion has been abused, appellate courts will not interfere.

3. SAME.

Where a party desires to amend his pleadings by withdrawing a damaging admission, the application for leave to do so should be made

the instant the error is discovered, and a broad, substantial showing of mistake is essential to entitle him to relief in the premises.

*Appeal from the District Court of Arapahoe County.*

Mr. C. M. BICE, for plaintiff in error.

Mr. J. W. HORNER and Mr. J.́ E. ROBINSON, for defendant in error.

BISSELL, P. J., delivered the opinion of the court.

A careful scrutiny of the record satisfies us that the judgment entered has equitably settled the rights of these parties. In the winter of 1888–89 Orson Buno & Son made a contract with the defendant Gomer to do certain work in the way of hauling logs through the winter, and taking care of the men, who were otherwise employed by Gomer. It is not in dispute that Buno & Son undertook this work, and that they boarded divers of Gomer's employees, and sold sundry goods and merchandise, for which Gomer, under the contract, was responsible. The work was completed in March, 1889, and according to Buno & Son's contention there remained due to them at that time the sum of about $800 on account of these matters. Payment not being made according to their claim, they brought this suit to recover that balance, alleging generally the total sum due and payments to the extent of $3,540.15, leaving, as stated, $800, unpaid. The defendant took issue as to the amount of work done and as to the extent of the credits to which he was entitled. The case was referred to a referee and tried, and that officer reported the testimony and his findings to the court, and thereon judgment was entered in favor of the defendant. There was considerable controversy during the hearing before the referee as to the extent of the payments and as to the force and effect of the admission of payment contained in the plaintiff's plea. The plaintiff insisted that he had a right to introduce testimony varying from his plea, and gave notice

that he should move the court subsequently for leave to amend. He took no action, however, in this direction until after the referee reported.

The errors laid are not of very great gravity, nor are they of the substance and description which require this court to reverse the action of the lower tribunal. Substantially there are but three presented, and none of them require very elaborate consideration or discussion. The principal one is based on the inadequacy of the testimony to support the judgment and the further claim that it required a finding in favor of the plaintiff to a specified extent. This is not one of these cases which calls for our interference. The case was tried upon conflicting testimony, and there is abundant evidence in the record to support the finding of the referee and the judgment of the court. Under these circumstances, and our well established rule in such cases, we are not at liberty to use our individual judgment of the force and effect of the evidence in order to overturn the conclusion arrived at by the trial court.

The plaintiff insists that the referee committed numerous errors in admitting and receiving testimony, but we do not discover that the substantial rights of the parties were thereby prejudiced so that the right has come to the plaintiff to insist on a reversal of the judgment. The objections themselves are so general as to scarcely warrant consideration; but notwithstanding this technical deficiency, we have examined the record and are unable to perceive that any legitimate testimony which would conduce to the support of the plaintiff's case was excluded, or that any evidence harmful to the plaintiff's contention crept into the record.

The only other error insisted on is that claimed to have been committed by the court in denying to the plaintiff the right to amend his plea and withdraw what he contends was a damaging admission as to the payments. It cannot be conceded that this is an error on which the plaintiff can insist. It is undoubtedly true that our policy is one which permits the fullest and most generous amendments for the purpose

of protecting the rights of the parties. Whether an admission of this sort can be removed from the record and its legal effect destroyed in favor of him who has made it need not be determined. It is enough to say that these matters of amendment are entirely discretionary with the court, and, unless that discretion has been abused, appellate courts will not usually interfere with their action in the premises. In this particular case, it was not in harmony with good practice to await the report before making a motion of this description. The application should have been made the instant the error was discovered, and a broad and substantial showing of mistake was essential to entitle the party to relief in the premises. Under the circumstances surrounding this application and on the showing made, it cannot be seen that the court abused its powers or exceeded its rights in denying the motion. These brief references to the contentions of counsel dispose of the errors assigned.

There being no errors in the record sufficient to compel us to disturb the judgment, it will be affirmed.

*Affirmed.*